UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHELE ST. LOUIS formerly known as
MICHELE COCOLA, an individual,

       Plaintiff,

v.                               Case No.

CITY OF CAPE CORAL,

       Defendant,

_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

MICHELE ST. LOUIS formerly known as MICHELE COCOLA ("Plaintiff" or "ST. LOUIS"), by and through her undersigned counsel, hereby allege and states as follows:

### PRELIMINARY STATEMENT

1.      Plaintiff brings this action against CITY OF CAPE CORAL (hereinafter, "City" or "Defendant"), for violations of the Equal Pay Act of 1964, 29 U.S.C. § 206(d), *et. seq.* ("EPA"), and Sex and Gender Discrimination in Violation of Title VII of the Civil Rights Act of 1964, as amended,  42 U.S.C. § 2000e.

2.      Defendant hired ST. LOUIS in July 2006, and ST. LOUIS remains employed by Defendant.

3.      During her tenure at the City of Cape Coral, ST. LOUIS has had satisfactory job performance and has received recognition for satisfactory and outstanding performance. Despite ST. LOUIS' many accomplishments, Defendant failed to pay her equal pay for equal work because of her sex.

1

4.      ST. LOUIS' salary was dramatically lower than that of her male counterparts.

5.      Defendant has subjected ST. LOUIS to Unequal Pay in Violation of The Equal Pay Act, Sex and Gender Discrimination in Violation of Title VII of the Civil Rights Act of 1964, and wage discrimination in violation of Florida State Law.

## JURISDICTION

6.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under the EPA and Title VII.

## VENUE

7.      Venue is proper in this district under 28 U.S.C. § 1391, in that the unlawful employment practice was committed in this district, the relevant employment records are maintained in this district, and Defendant resides in this district.

8.      The City of Cape Coral has its principal office in this district, and there is no other district that has a substantial connection to the claim.

## PARTIES

9.      ST. LOUIS is a woman who is domiciled in Cape Coral, Florida, and is a citizen of the United States of America.

10.     ST. LOUIS is an employee, as defined by EPA and Title VII.

11.     Upon information and belief, Defendant is a local governmental entity whose principal place of business is in Cape Coral, Florida.  Upon information and belief, Defendant is an employer as defined by EPA and Title VII.

## CONDITIONS PRECEDENT

12.     On or around July 14, 2021, ST. LOUIS timely filed a charge of wage discrimination with the Equal Employment Opportunity Commission ("EEOC").

2

13.     On or about February 1, 2022, the EEOC issued ST. LOUIS a Notice of Right to Sue.

14.     This Complaint has been filed within ninety (90) days of receipt of that notice.

15.     ST. LOUIS has fully complied with all required prerequisites prior to filing this action.

## FACTS

16.     ST. LOUIS consistently received positive performance reviews throughout her employment.

17.     From 2017 to 2019, ST. LOUIS was a City Ordinance Inspector and maintained satisfactory job performance.

18.     On or about March 2018, in addition to ST. LOUIS' normal duties as a City Ordinance Inspector, she was assigned to conduct well inspections.

19.     In April 2020, ST. LOUIS was promoted to Construction Inspector DCD Building and continued to conduct site inspections and well inspections.

20.     Between 2019-2021, ST. LOUIS became aware that her salary was significantly lower than that of her male counterparts.

21.     ST. LOUIS complained to the Defendant regarding the discriminatory treatment.

22.     As a result of Defendant's unlawful, discriminatory conduct, ST. LOUIS has suffered substantial economic and non-economic damages.

### Count I
### Unequal Pay in Violation of The Equal Pay Act
### 29 U.S.C. § 206(d)(1)

23.     ST. LOUIS repeats and realleges paragraphs 1 through 22 hereof, as if fully set forth herein.

3

24.     During her tenure at the City of Cape Coral, ST. LOUIS has had satisfactory job performance and has received recognition for satisfactory and outstanding performance.

25.     ST. LOUIS performed and continues to perform common core tasks associated with her job that is substantially equal to that of her male counterparts.

26.     The conditions where ST. LOUIS and her male counterparts perform the work is the same.

27.     ST. LOUIS' counterparts were paid more under these circumstances, in violation of the Equal Pay Act. Her counterparts also received additional benefits, including more retirement pension benefits (which are based on salary).

28.     ST. LOUIS suffered damages as a result of Defendant's unlawful discriminatory actions, including past and future lost wages and benefits, retirement benefits, and interest.

29.     DEFENDANT'S unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiffs' right under the EPA, and as a result, is liable for liquidated damages.

30.     ST. LOUIS is entitled to her reasonable attorneys' fees and costs of suit.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

A.  Accept jurisdiction over this matter.

B.  Award Plaintiff damages which include but are not limited to past and future loss of wages and benefits, retirement benefits, plus interest;

C.  Reinstatement, or in lieu of reinstatement award Plaintiff front pay (including benefits);

D.  Award to Plaintiff liquidated damages incurred in connection with this action, equal to the sum amount of backpay and interest;

E.  Award applicable civil penalties;

F.  Award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action; and

G.  Grant Plaintiff such additional or alternative relief as the Court deems just and proper.

**Count II**
**Sex and Gender Discrimination in Violation of Title VII of the Civil Rights Act of 1964, as amended,  42 U.S.C. § 2000e**

31.     ST. LOUIS repeats and realleges paragraphs 1 through 22 hereof, as if fully set forth herein.

32.     During her tenure at the City of Cape Coral, ST. LOUIS has had satisfactory job performance and has received recognition for satisfactory and outstanding performance.

33.     In April 2020, ST. LOUIS was promoted to Construction Inspector DCD Building and continued to conduct site inspections in addition to well inspections.

34.     Between 2019-2021, ST. LOUIS became aware that her salary was significantly lower than that of her male counterparts.

35.     ST. LOUIS' male counterparts were paid greater wages.

36.     ST. LOUIS' male counterparts who were paid greater wages performed substantially equal work in substantially similar positions and under similar working conditions. Those male counterparts were paid, significantly larger salary which is all in stark contrast to the treatment endured by ST. LOUIS.

37.     Defendant has discriminated against ST. LOUIS in the terms and conditions of her employment on the basis of her gender in violation of Title VII.

38.     ST. LOUIS is a member of a protected class based on her female gender and Defendant is aware of this.

39.    ST. LOUIS is qualified for all positions she has held while employed by Defendant.

40.    Defendant gave better treatment to similarly situated employees outside of ST. LOUIS' protected class by offering a significantly larger salary to similarly situated males and lesser experienced males.

41.    Defendant's decision to pay a significantly less salary to ST. LOUIS is motivated by her sex.

42.    Defendant's decision to not offer a significantly higher salary to ST. LOUIS is motivated by her sex.

43.    ST. LOUIS is now suffering and will continue to suffer irreparable injury and monetary damages, and damages for mental anguish and humiliation, as a result of Defendant's discriminatory practices unless and until this court grants relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

A. Declare that the acts and practices complained of by ST. LOUIS are in violation of Title VII.

B. Enjoining and permanently restraining these violations of Title VII.

C. Directing Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminating and do not continue to affect ST. LOUIS' employment opportunities.

D. Directing Defendant to place ST. LOUIS in the position she would have occupied with equal pay, but for Defendant's discriminatory treatment of her, and make her whole for all salary she would have received but for Defendant's discriminatory treatment, including, but not limited to, wages, stock options, pension, and other lost benefits;

E.  Awarding ST. LOUIS compensatory and punitive damages;

F.  Awarding Plaintiff the costs of this action together with reasonable attorneys' fees, as

provided by 42 U.S.C.A. § 2000e-6(k); and

G.  Granting such other and further relief as this court deems necessary and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury in this action of all issues so triable.

Dated this 2nd day of May 2022.

Light Path Law, P.A.
*Counsel for Plaintiff*
3620 Colonial Blvd. #130
Fort Myers, FL 33966
Phone: (239) 689-8481
Fax: (239) 294-3930
kscott@lightpathlaw.com (Primary)
cirick@lightpathlaw.com (Secondary)

By:
    Kristie A. Scott
    Florida Bar No. 108111