UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHELE ST. LOUIS formerly
known as MICHELE COCOLA,

    Plaintiff,

v.                                        Case No.: 2:22-cv-288-JLB-NPM

CITY OF CAPE CORAL,

    Defendant.
_____/

## ORDER

    Plaintiff Michele St. Louis brings this action against her employer, the City of Cape Coral ("Defendant" or "the City"), alleging unequal pay in violation of the Equal Pay Act, 29 U.S.C. § 206(d)(1), and sex and gender discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII").  (Doc. 7). Pending before the Court is Defendant's motion for summary judgment (Doc. 28), to which Plaintiff has responded (Docs. 29, 30) and Defendant has replied (Doc. 39). After careful review of the pleadings and the entire file, the Court concludes that the parties' submissions do not permit it to conduct a meaningful review as required under Federal Rule of Civil Procedure 56.  The Defendant's motion for summary judgment is accordingly **DENIED without prejudice**.

    Should Defendant wish to file another motion for summary judgment, it may do so.  That filing **must include** the legal standards applicable under the Equal Pay Act and Title VII **and** an application of those standards to the undisputed facts

here. Indeed, to be entitled to summary judgment, a defendant must establish that it is "entitled to judgment as a <u>matter of law</u>." Fed. R. Civ. P. 56(a) (emphasis added).

Moreover, should the Defendant file another motion for summary judgment, the Defendant **shall address** whether the disputed facts are "material." *See id.* For example, the City relies on "red circling," contending that any pay differential between Plaintiff and the asserted comparator, David Miller, for similar work as of May 2021 (if not as early as April 2020) is a result of an earlier difference in pay for different work. (*See* Doc. 28 at 17; *see id.* at 13–16). But "red circling" may not serve to "perpetuate the effects" of prior discriminatory pay. *See, e.g., Corning Glass Works v. Brennan*, 417 U.S. 188, 209–10 (1974). The City has not addressed the parties' disputed facts as to the earlier time-period;[1] nor has the City addressed whether these disputed facts are "material" to the claims here. (*See* Doc. 39 at 1–2, 5–7). If anything, Defendant's contention that "[a]ll" of the facts it has asserted are "material" suggests that this case may be ill-suited for summary judgment. (*See id.* at 2).

Should the Defendant file another summary judgment motion, Plaintiff **shall likewise address** the legal standards applicable under the Equal Pay Act and Title VII and their application to this case. Moreover, the Plaintiff **shall set forth** her

---

[1] (*See, e.g.,* Doc. 28-1 at ¶¶ 5–7; Doc. 29-4 at 39–40; Doc. 29-7 at 2 (disputing the reasons why Mr. Miller became the person who performed well inspections); Doc. 28-1 at ¶¶ 11–13; Doc. 30 at 5–6 (disputing facts about the change in the well inspection procedure, which then resulted in Plaintiff and Mr. Miller performing similar work)).

responsive statement of material facts and her legal arguments in one combined filing not to exceed 20 pages. See M.D. Fla. R. 3.01(b).[2]

## CONCLUSION

Based on the foregoing:

1. The Defendant's motion for summary judgment (Doc. 28) is **DENIED without prejudice**.

2. Should Defendant wish to file another summary-judgment motion, the motion must be filed **within 30 days of the date of this Order**.

3. This matter **remains on the April 2024 trial calendar**. (See Doc. 41).[3]

**ORDERED** at Fort Myers, Florida on January 24, 2024.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff need not copy or repeat Defendant's statement of material facts but may instead respond by referring to the paragraph number in the Defendant's motion. See "Instructions Regarding a Statement of Material Facts for a Motion for Summary Judgment," available at https://www.flmd.uscourts.gov/sites/flmd/files/judges/forms/flmd-badalamenti-notice-to-counsel-and-unrepresented-parties-instructions-regarding-a-statement-of-material-facts-for-a-motion-for-summary-judgment.pdf.

[3] Although the Court is providing another opportunity for the Defendant to submit its filing under Rule 56, the parties may wish to revisit settlement negotiations in light of the factual disputes in this case and the costs of continued litigation. Should the parties **jointly move** to stay the deadlines set forth herein and in the amended case management scheduling order (Doc. 41) to permit good-faith settlement negotiations, the Court would be inclined to grant such request.